The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Douglas E. Berger. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications to Finding of Fact No. 17.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On March 22, 1995, the parties were subject to and bound by the Workers' Compensation Act.
2. On March 22, 1995 there was an employer-employee relationship between plaintiff and the defendant-employer.
3. Prior to the alleged injury by accident, plaintiff's average weekly wage was $260.00.
4. On March 22, 1995, Lumbermens Mutual Casualty Co. was the carrier on the risk.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner except as modified and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a thirty-four-year-old male with a twelfth grade education. Plaintiff had been employed by the defendant-employer for approximately a year and ten months prior to the injury by accident date.
2. Plaintiff was employed by the defendant-employer as a delivery driver. Plaintiff's job duties included delivering heavy furniture to the home locations of customers.
3. Plaintiff filed a Form 18 dated April 26, 1995 with the Industrial Commission reporting that he had sustained an injury to his back while lifting a dresser and chest on Wednesday March 22, 1995.
4. Plaintiff's friend, Jacqueline Inman, filed a Form 33 request for hearing dated May 5, 1995 reporting that plaintiff injured his back on March 22, 1995.
5. On Monday April 3, 1995, plaintiff reported to store manager James Billingsley that he had injured his back on Tuesday March 28, 1995.
6. On Tuesday April 4, 1995, plaintiff reported to Pro Med that he had injured his back on Saturday April 1, 1995 while taking a dresser up some stairs.
7. Plaintiff testified that he injured his back on Saturday March 18, 1995. Plaintiff testified that he and a coworker, Charles Crawford, delivered a dresser to a customer at around 6:30 p.m. Plaintiff testified that he heard a pop and felt pain in the middle of his back while transporting the dresser up the stairs. Plaintiff testified that the two men took a short break before trying to complete transporting the dresser up the stairs. Plaintiff testified that he reported his injury to the store manager James Billingsley on his day off Monday March 20, 1995. Plaintiff testified that he did not work from March 22, 1995 until April 4, 1995.
8. Charles Crawford did not provide testimony corroborating plaintiff's claim that he worked and sustained an injury to his back during the evening of March 18, 1995.
9. On April 4, 1995, plaintiff was examined at Pro-Med. The Pro-Med physician diagnosed the plaintiff as having sustained a lumbar strain. Plaintiff was restricted from working for two days. On April 10, 1995, plaintiff was released to do light duty work. Plaintiff was restricted from frequent bending or stooping. Plaintiff was restricted from lifting or carrying anything but the lightest of loads.
10. Plaintiff returned to work on April 12, 1995. Plaintiff performed light duty work on April 12, April 13, and April 14, 1995. After work on April 14, 1994, plaintiff went to physical therapy at Rehability. Plaintiff reported that he was suffering less pain. He informed the nurse at Rehability that he was going to the beach for the weekend to go fishing. Plaintiff was diagnosed as improving rapidly.
11. On April 15, 1995, plaintiff called into work sick. Plaintiff returned to work on April 21, 1995 to pick up his check. Plaintiff reported to his store manager that his physician had excused him from work for the time period following April 14, 1995.
12. Mr. Billingsley informed plaintiff that he would need to produce a doctor's excuse or he would be terminated. No such excuse existed but plaintiff did unsuccessfully attempt to obtain a worknote from Pro-Med. The following day plaintiff called Mr. Billingsley and informed Mr. Billingsley that he could not obtain a doctor's excuse. Plaintiff asked Mr. Billingsley if he was fired and Mr. Billingsley replied that plaintiff could consider that he was fired. Plaintiff responded, "That's what I wanted to hear."
13. Plaintiff unsuccessfully attempted to obtain unemployment benefits following his termination with the defendant-employer.
14. Plaintiff did not complete the physical therapy prescribed by the physician at Pro-Med. Plaintiff was discharged from physical therapy after missing scheduled appointments on April 11, 1995, April 18, 1995 and April 21, 1995.
15. Plaintiff's testimony and out of court statements concerning when the back injury occurred are inconsistent. Plaintiff has identified four different dates as to when his injury occurred.
16. Plaintiff's testimony that he did not work between March 22, 1995 and April 4, 1995 is inconsistent with employment records that show that plaintiff did work during that time period.
17. The evidence of record contains inconsistencies to such a degree that the undersigned find that plaintiff's testimony as to when and how his back was injured is not credible. The plaintiff has not proven by the greater weight of the evidence that he sustained an injury by accident or a specific traumatic injury arising out of and in the course of his employment.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff has failed to prove by the greater weight of the evidence that plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer or that he sustained a back injury as a result of a specific traumatic incident and/or accident of the work assigned.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. This claim must under the law be and is hereby DENIED.
2. Each side shall pay its own costs.
FOR THE FULL COMMISSION
 S/ __________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/mj 7/10/96